DANIEL POMPEI *vs.* CHARLES CASSETTA.

JUNE 27, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This action of trespass on the case was brought against the defendant for alienation of the affections of the plaintiff's wife and for criminal conversation. A jury in the superior court rendered a verdict for the plaintiff for $5000, and the defendant's motion for a new trial was later granted by the trial justice, unless the plaintiff remitted all of that amount in excess of $4000.   The plaintiff duly filed such remittitur and the case is before us upon the defendant's amended bill of exceptions to the ruling of the trial justice in refusing to grant a new trial unconditionally, to other rulings during the course of the trial, and to the charge of the court.

Summarized briefly the evidence on behalf of the plaintiff tended to show that the defendant, by his familiarity and frequent association with the plaintiff's wife, had caused her to grow "cool" toward her husband and to lose her affection for him; that the defendant also was guilty, according to the plaintiff's testimony, of debauching and carnally

knowing the plaintiff's wife; that the plaintiff thereupon remonstrated with and struck both his wife and the defendant, demanded immediate dissolution of the business partnership with defendant, and promptly left the business and his home; whereas the plaintiff's wife continued to be associated with the defendant in business and continued to live in the same house with the defendant.

On the other hand, the testimony for the defendant tended to explain his association with the plaintiff's wife as entirely proper and limited to necessary affairs in the conduct of the business, because the plaintiff was unable to keep books; and denied expressly any attempt, directly or indirectly, to alienate the affections of plaintiff's wife and denied any wrongdoing or intimacy whatever. The defendant and the plaintiff's wife both gave testimony that flatly contradicted plaintiff's version of the incident involving the alleged conversation; and their explanation thereof tended to show it as a harmless incident. Upon much conflicting evidence, the jury apparently believed the plaintiff's evidence and returned a verdict for him.

The defendant's amended bill of exceptions contains ten exceptions but he relies almost entirely upon exceptions three to six, inclusive, which relate to the charge of the trial justice. The defendant contends by these exceptions that the charge as a whole overemphasized the evidence so as to virtually state a case in favor of the plaintiff and that in two particular portions the trial justice improperly characterized the defendant and his chief witness; stated as conclusive certain facts the existence of which was questioned; and disclosed his own disposition and opinion concerning the credibility of witnesses and the weight of the evidence. All of these, the defendant contends, deprived the jury of their right to reach their own conclusions on the facts without being influenced by the opinions and comment of the trial

justice, and therefore deprived the defendant of an impartial verdict.

Two portions of the charge, above referred to, were specifically excepted to and the first one is as follows: "Now, in this particular case it is not altogether a happy situation, and you may say to yourselves, 'No matter who gets this woman, they are stuck any way.' Whether Mr. Pompei gets her, or Mr. Cassetta gets her, he does not get any prize package, but you have to take things as you find them. She is not what she ought to be, of course, or she would never get into this kind of a situation, but you have the situation here and you have to take it as it is."

The second portion is: "You have heard a lot about the divorce case, what happened. I don't just know, but there is no divorce pending at this time. It may be pending but none has been granted, and Mrs. Pompei is not the wife of Mr. Cassetta, but she is the wife of Mr. Pompei to-day, his legal wife, and Cassetta has no right in any way to fool around or attempt to interfere with her actions, or influence her in any way, either for or against one side or the other. If he had any brains he would keep out of it, because as sure as there is a God in heaven his fingers will get burned if he doesn't keep out of it." Between these passages the trial justice also said: "Now there is not much to say about this situation. I could say it to you if I wanted to but there is no necessity for me to paint the kettle any blacker than it is."

It seems obvious to us that these statements and comments of the trial justice, even if they may have been justified by the evidence, were clearly improper in the charge. The plaintiff does not argue that they were proper or without prejudice. They appeared in different parts of the charge with other significant language. The trial justice under our law is not authorized to express in the charge his own opinions on the evidence or to give his own characteri-

zation of any witness. Where necessary to explain the law, his mention of the evidence should be fair and impartial and should leave the jury free to draw their own conclusions solely on the evidence, under the law as given to them. See *State* v. *Gallogly*, 47 R. I. 483; *Scott* v. *McGroarty*, 48 R. I. 79; *State* v. *Fish*, 49 R. I. 397; *Dante State Bank* v. *Calenda*, 56 R. I. 68.

If the trial justice feels that the evidence justifies such comment, he should not make it in the charge but should state it in his rescript on the motion for a new trial. At that time the credibility of witnesses and weight of the evidence are particularly presented for his consideration and decision, and it is then proper for him to give us the benefit of his independent and considered judgment, based on the evidence. In the instant case such comment and opinion were erroneously stated in the charge and were omitted entirely from the trial justice's rescript on the defendant's motion for a new trial.

The plaintiff argues solely that these exceptions should not be considered by us because "it does not appear in the transcript of testimony, at page 271 that defendant's exceptions 3 to 6, inclusive, were noted or taken"; and that the defendant's exceptions were not taken in the presence of the jury or in the mode prescribed by the statute. G. L. 1923, chap. 348, sec. 21.

We cannot agree with the plaintiff's contentions. It does appear definitely in the transcript at page 271 that the defendant specifically took exceptions to portions of the charge which were then and there reasonably identified. These exceptions appear on the page of the transcript as set forth in the amended bill of exceptions. While the particular page of the transcript where the portion of the charge excepted to actually appears is not recited, as called for by the better practice under the statute, we think there was sufficient identification and separate and clear statements of the excep-

tions to warrant us, in the absence of previous objection, in holding that the defendant has the benefit of these exceptions.

It is true that the trial justice at the trial refused to allow them "on the ground that they were not taken in the presence of the jury." However, these exceptions were clearly and separately stated in the bill of exceptions which the trial justice later approved, without any objection from the plaintiff. Such approval, coupled with the fact that these exceptions appear in the transcript to have been in fact duly and seasonably taken, entitled the defendant to have them determined on their merits.

Under all the circumstances disclosed by the transcript and according to the law, as above indicated, we are constrained to sustain the defendant's exceptions three to six, inclusive, and on this view of the case it is unnecessary to consider the other exceptions.

The defendant's exceptions three to six, inclusive, are sustained and the case is remitted to the superior court for a new trial.

*Michael Addeo, Ralph Rotondo,* for plaintiff.

*Hogan & Hogan, John N. Cole,* for defendant.