RAYMOND MCCREADIE *vs.* EDWIN BILTCLIFFE.

MARCH 13, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This action of trespass on the case for

malicious prosecution was tried to a jury in the superior court. After a verdict for the defendant, the plaintiff brought the case to this court by bill of exceptions wherein he sets forth numerous exceptions to rulings on evidence and to the charge of the court.

In view of our conclusion on the exceptions to the charge, we need not refer at length to the conflicting evidence, much of which might well have been omitted or curtailed as it concerned incidental matters that had no material bearing on the controlling issue in the case, namely, whether defendant caused plaintiff's arrest on a private criminal complaint for assault and battery without probable cause.

The evidence shows that plaintiff was fire chief and defendant was moderator of the Fairlawn Fire District, an incorporated entity, in the town of Lincoln in this state. The duties of each were set forth in the by-laws of the corporation but no mention was made therein as to whether the moderator was entitled to be present at fire drills, although there was conflicting testimony as to a rule denying him that right unless he was an active fireman. The assault was allegedly made on the evening of November 28, 1949 when defendant, who had gone to the station to attend a meeting of the fire district, was ordered by plaintiff to leave the premises until after a fire drill had taken place.

What followed was the subject of conflicting evidence. The plaintiff in substance testified that when defendant failed to comply with a request to leave he opened a door and then, going over to defendant who was seated close by, he placed a hand lightly on defendant's shoulder, whereupon the latter arose and walked to the door "Unassisted—he was in a hurry, but unassisted." On the other hand defendant's testimony was to the effect that at the time in question he was sitting on a table; that, after opening the door, plaintiff "swung me off the table and ran me out through the door * * * I fell on my hands and knees"; and that he sustained no physical injury but suffered great

humiliation that was intensified by reports of the incident in the public press. Following plaintiff's arrest, trial and acquittal on defendant's private criminal complaint and warrant for assault and battery, the instant case for malicious prosecution was instituted.

Our examination of plaintiff's numerous exceptions to rulings on evidence shows that they are either without merit or are not prejudicial, as they relate mostly to incidental matters of slight, if any, bearing on the basic issue in the case. They are therefore overruled.

The exceptions to the charge of the trial justice numbered 28, 29, 32 and 34 are in a different category. It would serve no useful purpose to discuss such exceptions in detail. However, when the charge is read as a whole our conclusion is that it plainly and unduly emphasized the evidence favorable to defendant without adequately referring to that for plaintiff and at least in one place it invaded the province of the jury. In our opinion the trial justice was not warranted in telling the jury that in the circumstances defendant as moderator was thereby entitled to be present at the fire drill, because the evidence on that issue under the rules of the district or company was conflicting and was for the jury to determine. Moreover in adding a comment concerning his own attendance without objection at fire drills on many occasions at different times and places, of which there was no evidence, he gave additional emphasis by clear inference to only one side of the case. Further he was not justified in the circumstances in at least two instances during the charge in pointedly inquiring by direct questions where the witnesses were to support certain phases of plaintiff's testimony, thus leaving a clear inference that he thought the testimony was not to be believed without such support.

The rules with reference to the duty of a trial justice when referring in the charge to the evidence and to his obligation not to invade the province of the jury have been clearly stated by this court in the following cases and need

not be repeated here: *State* v. *Gallogly*, 47 R. I. 483; *Pompei* v. *Cassetta*, 63 R. I. 74; *Flint* v. *Nicholson*, 67 R. I. 513; *State* v. *Kozukonis*, 71 R. I. 456; *Viall Dairy Inc.* v. *Providence Journal Co.*, 79 R. I. 416.

After careful consideration of the charge as a whole we are of the opinion that the statements of the trial justice which were brought in question by the four exceptions now under consideration were in the circumstances prejudicial to the defendant. Those exceptions are therefore sustained.

The plaintiff's exceptions numbered 28, 29, 32 and 34 are sustained, his other exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Isidore Kirshenbaum*, for plaintiff.

*James M. Shannahan, Matthew C. Cunningham*, for defendant.